UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GERALD BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-190-WTL-WGH |
| | ) |
| JOHN F. CARAWAY, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

Gerald Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with respect to his conviction and sentence in the Eastern District of Wisconsin for armed bank robbery and firearm offenses. For the reasons explained in this Entry, Brown's habeas petition must be **denied** and this action **dismissed**.

**Background**

Brown was convicted in 2006 in the Eastern District of Wisconsin of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during a crime of violence, in violation of 21 U.S.C. § 924(c)(1)(A)(ii). Brown pled guilty and was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 to an aggregate term of imprisonment of 224 months. Brown did not appeal his conviction and sentence. He did, however, seek post-conviction relief pursuant to 28 U.S.C. § 2255. In that motion, Brown argued (1) that his attorney was ineffective by failing to challenge his status as a career offender and for pressuring him to plead guilty; (2) that 28 U.S.C. § 994(h) is discriminatory and violates the Fifth Amendment because it authorizes notices pursuant to 21 U.S.C. § 851 for prior drug convictions but does not require similar notice for violent crimes

such as bank robbery; and (3) the application of 18 U.S.C. § 924(c) to offenses such as 18 U.S.C. § 2113, which has its own weapons enhancement, violates the Constitution and congressional intent. All of Brown's arguments were rejected and Brown's Section 2255 motion was denied on October 6, 2008. *See Brown v. United States*, 2:07-cv-1104 (E.D. Wisc. 2008) (unpublished).

Brown then filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

A motion pursuant to 28 U.S.C. § 2255(a) is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). "Section 2255(h) generally limits federal prisoners to one round of collateral review." *Turner v. United States*, 2013 WL 2407560 (E.D.Wis. May 31, 2013)(citing *Hare v. United States,* 688 F.3d 878, 881 (7th Cir. 2012)). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). In *Hill,* the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not

have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

Brown argues that his petition satisfies requirement that § 2255 is inadequate or ineffective based on *Descamps v. United States*, 133 S.Ct. 2276 (2013), which was decided after his § 2255 motion. Based on *Descamps*, Brown claims that he is "'actually innocent' of the career offender enhancement" and that the court erred when it sentenced him under U.S.S.G. § 4B1.1.

Brown has not shown that § 2255 is inadequate or ineffective here to resolve his claim that the career offender enhancement was improperly applied to him. In fact, Brown did present the argument that his counsel was ineffective for failing to challenge his status as a career offender in his § 2255 motion. Brown argues that the *Descamps* opinion presents a new case of statutory interpretation applicable to his sentence. Brown's reliance on *Descamps*, however, is not sufficient to show that § 2255 is in adequate or ineffective. As the Seventh Circuit has pointed out, the Supreme Court has not made *Descamps* retroactive to cases on collateral review. *Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014).

**Conclusion**

For the foregoing reasons, Brown has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2241. His petition must therefore be **dismissed**.

**IT IS SO ORDERED.**

Date: 5/7/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gerald Brown
08282-089
Pollock USP
P.O. Box 2099
Pollock, LA 71467

All electronically registered counsel